Philips, District Judge.
1. Section 1 of the act of the Missouri legislature adopted April 21, 1891, (Laws Mo. 1891, p. 170,) declares that—
“Usury may be pleaded as a defense in civil actions in the courts of this state, and, upon proof that usurious interest has been paid, the same, in excess of the legal rate of interest, shall be deemed payment, shall be credited upon the principal debt, and all costs of the action shall be taxed against the party guilty of exacting usurious interest, who shall in no case recover judgment for more than the amount due upon the principal debt, with legal interest, after deducting therefrom all payments of usurious interest made by debtor, whether paid as commissions, or brokerage, or as payment upon the principal, or as interest on said indebtedness.”
Section 2 declares that—
“In actions for the enforcement of liens upon personal property pledged or mortgaged to secure indebtedness, orto maintain or secure possession of property so pledged or mortgaged, or in any other ease when the validity of such lien is drawn in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon, given to secure such indebtedness, invalid and illegal.”
This act went into effect on the 22d day of June 1891.
The first count in the answer, while it discloses the fact that the chattel mortgage under which the plaintiff claims the right of possession to the property in question was executed prior to the said 22d day of June, 1891, distinctly alleges that the notes executed by the defendant for usurious interest were paid by defendant, and the money was received by plaintiff, after the 22d day of June 1891. We recognize the fact that the organic law of the state (section 15, art. 2, Const. 1875) prohibits any law retrospective in its operation; and we recognize the further rule of law that all such legislative acts are presumed to be prospective in their operation. But the plaintiff never had any lawful right or claim to this usurious interest thus exacted. It was interdicted at the time the contract was made, and any defendant could plead such usury in defense to any action predicated of such contract. Rev. St. 1879, § 2727, and Rev. St. 1889, § 5976. The difference consists merely in the penalty prescribed for the misdeed. Therefore, the plaintiff never had any vested right in this usury. It was unlawful, and contrary to the policy of the state. And while the legislature could by no ex post facto or retrospective law touch or affect the antecedent contract, it was perfectly competent for it to declare, as it did in said section 2 of the act of April 21, 1891,, that, if any usurer, after this law shall take effect, shall exact usurious interest for a debt secured by a chattel mortgage, he shall lose the benefit and protection of such mortgage. It is but a new penalty attaching to an act declared beforehand to be unlawful, and for repeating the offense after the new enactment. If it should be held that the act of 1891 does not apply to this transaction and the unlawful interest exacted after its passage, it would result that no penalty whatever could attach to the usurious contract, and that all defense whatsoever was lost to the defendant when such contract should be drawn in ques *724 tion; for by the last section of the act of 1891 said section 5976 of the General Statutes of 1889 is expressly repealed. Except when the language of the legislature is such as to admit of no two meanings as to its import, it is the duty of the courts to be constrained by the interpretation which will plainly effectuate the legislative intent, and preserve the known public policy of the state. The motion to strike out the first count of the answer is therefore overruled.
2. The second count of the answer, it seems to me, is quite unnecessary. It pleads matters evidently based on the first section of said act of 1891. I take it that this section applies only to the instance where suit is brought to recover on the note or contract vitiated by usury. The action here is replevin, to recover the possession of the personal property mentioned in the mortgage given to secure a debt affected by usury. The plaintiff in this action can only recover the specific chattel, or its equivalent in money, where the plaintiff is in position to so elect. No judgment in assumpsit or for the mortgage debt can be rendered therein. Hamilton v. Clark, 25 Mo. App. 428. So, if the defense interposed by the defendant in the first count of the answer be sustained by the proofs, it will put an end to this action. Neither the statute in question, nor any known rule of procedure, entitles the defendant to any relief over against the actor in such event. The motion to strike out the second count of the answer is sustained.